O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV10-03100 ODW (JCx) | Date | October 8, 2010 |
|---|---|---|---|
| Title | *Praetorian Ins. Co. v. Analy Mortgage Center, Inc., et. al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**   **Order DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(1) AND MOTION TO DISMISS OR STAY PURSUANT TO 28 U.S.C. § 2201(A) [7]**

Before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Motion to Dismiss pursuant to 28 U.S.C. § 2201(a), or in the alternative, Motion to Stay the proceedings pending resolution of the Underlying Action.  The Court denies both of Defendants' Motions to Dismiss as well as Defendants' Motion to Stay proceedings pending resolution of the Underlying Action.

## I.    BACKGROUND

On November 7, 2006, Plaintiff Praetorian ("Praetorian") issued a professional liability insurance policy to the insured, Analy Mortgage Center, Inc. ("Analy") in which it agreed to indemnify the insured for any sums the latter became legally required to pay as damages for claims first made against the insured and reported to the insurer arising out of any negligent act, error, omission, or personal injury in the rendering of or failure to render professional services by the insured. (Compl. ¶ 22.) Praetorian alleges that the "application for Professional Liability Insurance submitted to Praetorian on November 7, 2006, failed to disclose the nature of Analy's business activities." In reliance on the alleged misrepresentations, Praetorian issued to Analy a Claims Made Real Estate Services and Omissions Insurance Policy ("Policy").  The Policy contained numerous coverage limitations including exclusions arising out of dishonest or fraudulent misrepresentations. (Id. at ¶¶ 16, 21.)

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV10-03100 ODW (JCx) | Date | October 8, 2010 |
|---|---|---|---|
| Title | *Praetorian Ins. Co. v. Analy Mortgage Center, Inc., et. al.* | | |

In February 2008, Robert J. Weber ("Weber") and Cita D. Hetharia ("Hetharia") filed a complaint against Analy, several of Analy's employees and owners, and other defendants (collectively referred to herein as "Analy") in Santa Barbara Superior Court alleging causes of action arising out of three separate loan transactions (the "Underlying Action"). (Compl. ¶ 32.) A bench trial was conducted on April 15, 16, 19, and 20, 2010 in the Santa Barbara Superior Court. Praetorian was not a named party to the Underlying Action, but agreed to participate in the defense of Analy subject to a reservation of rights. The matter was deemed submitted to the trial judge on May 5, 2010, and the parties now await a ruling. (Id. at ¶¶ 2, 30.)

Praetorian filed this complaint on April 26, 2010 (Dkt. No. 1) in which it seeks a judicial declaration that: (1) as a result of Analy's material misrepresentations and omissions in the Policy application, it is entitled to rescind the Policy that insures Analy in the Underlying Action; (2) this Policy is extinguished *ab initio* and is totally void and unenforceable from the outset due to Analy's intentional and/or negligent misrepresentations; and (3) as a result, Praetorian is under no duty to defend or indemnify Analy for acts alleged by the plaintiffs in the Underlying Action pursuant to several exclusions and/or conditions in the Policy. Accordingly, Praetorian alleges that an actual controversy exists that now requires a judicial declaration to determine their respective rights and obligations under the Policy. (Id. at ¶¶ 35, 42, 47, 49, 62, 63, 74, 76, 77.)

The sole basis for federal court jurisdiction is diversity of citizenship. *See* 28 U.S.C. § 1332. Both plaintiffs and defendants to the Underlying Action are now the named Defendants to this action. It is these Defendants who now move this Court to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), as well as to exercise its discretion to dismiss, or stay these federal proceedings pursuant to § 2201(a). (Dkt. No.'s 7, 8.)

## II.   DISCUSSION

### A.   The Court Retains Subject Matter Jurisdiction Over This Action

The Declaratory Judgment Act does not confer subject matter jurisdiction outright. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (Declaratory Judgment Act is not an independent basis for jurisdiction). Therefore, the Court turns to diversity jurisdiction in search of its power to adjudicate this action. *See* 28 U.S.C. § 1332. Defendants move to dismiss Praetorian's complaint for failure to allege facts sufficient to establish diversity of citizenship. (Def.'s Mot., 12.) The Court denies this motion as Defendants seem to be operating under the now-defunct "total activities" test to find a corporation's principal place of business.

---

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV10-03100 ODW (JCx) | Date | October 8, 2010 |
|---|---|---|---|
| Title | *Praetorian Ins. Co. v. Analy Mortgage Center, Inc., et. al.* | | |

On February 23, 2010, the US Supreme Court adopted the "nerve center" approach to determining a corporation's "principal place of business" for diversity jurisdiction under 28 U.S.C. § 1332(c)(1). *Hertz Corp. v. Friend*, 559 U.S. ----, 130 S. Ct. 1181 (2010). The Court explained the phrase "principal place of business" refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which will "typically be found at its corporate headquarters." *Id*. The decision resolved a split in authority among the Circuit Courts of Appeal as some courts had already applied the "nerve center" test–other courts, including the Ninth Circuit Court, had applied a, now discredited, "business activity" test.

Here, Praetorian alleges that it is a corporation organized and existing under the laws of the State of Pennsylvania, with its corporate headquarters also located in Pennsylvania. (Pl.'s Opp'n., 11.) Accordingly, under the "nerve center" test, Praetorian is a citizen of the State of Pennsylvania, exclusively. Praetorian asserts, and Defendants do not rebut, that all Defendants to this action are residents and citizens of the State of California, exclusively. (Compl. ¶¶ 4–11.) Therefore, complete diversity exists as required for diversity jurisdiction. *See* 28 U.S.C. § 1332; *see also Strawbridge v. Curtiss, 7 U.S. 267 (1806)*. Further, the amount in controversy exceeds the $75,000 statutory requirement. As Praetorian has properly established diversity jurisdiction, Defendants' Motion to Dismiss for failure to state facts sufficient to establish diversity of citizenship is DENIED.

B.     The Court Will Retain Jurisdiction Over This Declaratory Judgment Action

Praetorian seeks declaratory relief in the form of a judicial determination that it has no duty to defend or indemnify plaintiffs in the Underlying Action. The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction...any court of the United States...may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, § 2 of the United States Constitution. *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239–40 (1937). It must also fulfill statutory jurisdictional prerequisites. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950). If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary as the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority." *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring). The Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates v. Rickover*, 369 U.S. 111, 112 (1962).

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV10-03100 ODW (JCx) | Date | October 8, 2010 |
|---|---|---|---|
| Title | *Praetorian Ins. Co. v. Analy Mortgage Center, Inc., et. al.* | | |

Therefore, the Act requires federal district courts to consider two threshold questions. First, is there an actual case or controversy under Article III, and second, should the court choose to exercise that jurisdiction? *See Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143–44 (9th Cir. 1994). These questions will be answered in turn.

      I.     Case/Controversy

First, the Court must inquire whether there is an "actual controversy" within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 400, since the district court is without power to grant declaratory relief unless such a controversy exists. *Wickland Oil Terminals v. ASARCO, Inc.*, 792 F.2d 887, 893 (9th Cir. 1986); U.S.C.A. Constitution, Art. III, § 2. Here, the Court finds that there is an actual controversy between the parties.

The Ninth Circuit has consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement. *See, e.g.*, *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (*en banc*); *see also Kearns*, 15 F.3d at 144 (finding that a case or controversy is found when an insurer brings a declaratory judgment action regarding its duty to defend and indemnify). Further, in *Merritt*, where the insurer sought a declaration regarding its duty to defend and indemnify its insured in a pending state court liability suit, the Ninth Circuit Court of Appeals held that the district court had properly heard a declaratory action filed by an insurer. *See Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196 (9th Cir. 1992). Praetorian seeks a declaration regarding its duty to defend and indemnify in the pending state court liability suit against Analy. Thus, *Merritt* controls our decision that there exits a case or controversy, conferring jurisdiction upon this Court. The question, then, is whether the Court should nonetheless exercise its discretion and decline to hear Praetorian's claim for declaratory relief.

      ii.     Discretion

"[T]here is no per se rule against the district court exercising its jurisdiction to resolve an insurance coverage dispute when the underlying liability suit is pending in state court." *Kearns*, 15 F.3d at 145. Instead, *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942) guides the Court's discretion under the Declaratory Judgment Act. *Brillhart* requires district courts to consider whether exercising jurisdiction would require "needless determination of state law issues", encourage forum shopping, or lead to duplicative litigation in state and federal court. *Dizol,* 133 F.3d at 1225. Importantly, the Ninth Circuit in *Dizol* counseled that "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV10-03100 ODW (JCx) | Date | October 8, 2010 |
|---|---|---|---|
| Title | *Praetorian Ins. Co. v. Analy Mortgage Center, Inc., et. al.* | | |

is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 122 (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991)). In addition to the established *Brillhart* factors, the Court must "balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain*, 931 F.3d at 1367.

#### a. Needless Determinations of State Law

The first *Brillhart* factor considers whether the federal action would involve needless determinations of state law. The concern is with unsettled issues of state law, not fact-finding in the specific case. *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991) (*overruled on other grounds by Dizol*, 133 F.3d at 1227). Here, Defendants claim that this declaratory judgment raises a novel and important state law question upon which there is substantial ground for difference of opinion. ("It is unsettled in California whether an insured can rely upon an insurance broker's representations which are contrary to the insurance policy.") (Def.'s Mot., 7–8.) This relates to a party not named in the action at hand, however, and is involves an issue not material to this Court's determination of the rights and obligations of the parties before the Court.

The main issue presented by the declaratory action is whether Praetorian can rescind the Policy. Insurance coverage is fundamentally a question of state law and "federal courts should 'decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule.'" *Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796, 798–99, 8010 (9th Cir. 1995) (*overruled on other grounds by Dizol*, 133 F.3d at 1227 (9th Cir. 1998)).

Defendants to this action, however, have not claimed that the Underlying Action constitutes a parallel proceeding, but rather that it is merely a "concurrent action." (Def.'s Mot., 8.) The action before this Court is not factually analogous to the Underlying Action. While the actions leading to the Underlying Action in state court are the same as those which brought Analy's alleged misrepresentations to light, determination of the issues before this Court do not require analysis of the same transaction or occurrence (Analy's transaction or loan to Weber and Hetharia). Rather, the facts to be determined in this issue surround the original Policy application between Praetorian and Analy, which took place over a year before the actions leading to the Underlying Action. There is no overlap between the issues presented in the Underlying Action and those presented here. Moreover, there is little or no overlap between the facts at issue in either case. Further, Praetorian is not a party to the Underlying Action.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV10-03100 ODW (JCx) | Date | October 8, 2010 |
|---|---|---|---|
| Title | *Praetorian Ins. Co. v. Analy Mortgage Center, Inc., et. al.* | | |

Where, as in the case before us, the sole basis of jurisdiction is diversity of citizenship and the main issue presented regards insurance coverage, the federal interest is at its nadir; however, the Underlying Action is not a parallel action for our purposes, and Praetorian, having properly alleged diversity jurisdiction, has chosen to file its case in federal court. Thus, the first *Brillhart* factor of avoiding unnecessary declarations of state law seems to be neutral here.

> b.  Forum Shopping

With respect to the second *Brillhart* factor, which is aimed at discouraging forum shopping, the Court finds that this factor supports this Court's exercise of jurisdiction over Praetorian's declaratory claims. "Forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *See Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1371 (9th Cir. 1990) (citation omitted). This is not case here, as the Underlying Action was filed and went through bench trial, which Praetorian was not a party to, before this federal action had been filed. Further, there is no evidence that Praetorian has acted in bad faith or seeks to gain a tactical advantage from filing this action in federal court.

Defendants assert that Praetorian has filed this declaratory relief action in reaction to the Underlying Action, and would lead the Court to believe that as such, Praetorian is engaged in reactive forum shopping. (Def.'s Mot., 9.) A declaratory judgment action by an insurance company against its insured during the pendency of a non-removable state court action presenting the *same issues of state law* is an archetype of what we have termed "reactive" litigation. *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1254 (9th Cir. 1987) (emphasis added). A declaratory judgment suit which is defensive or reactive, might justify a court's decision not to exercise jurisdiction. *Id.* As noted above, however, this action presents different issues than those presented in the Underlying Action. Therefore, because there is no evidence of "reactive" forum shopping, this factor weighs in favor of the Court exercising jurisdiction over Praetorian's declaratory judgment claims.

> c.  Duplicative Litigation

The third *Brillhart* factor considers whether the federal case would create duplicative litigation. "If there are parallel state court proceedings involving the *same issues and parties*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03100 ODW (JCx) | Date | October 8, 2010 |
|---|---|---|---|
| Title | *Praetorian Ins. Co. v. Analy Mortgage Center, Inc., et. al.* | | |

pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 1225 (emphasis added). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Id.*

The Ninth Circuit has defined "parallel litigation" liberally and counseled its district courts to decline jurisdiction "when an ongoing state proceeding involves a state law issue that is predicated on the *same factual transaction or occurrence* involved in a matter pending before a federal court." *Hungerford*, 53 F.3d at 1017 (emphasis added) (*overruled on other grounds by Dizol*, 133 F.3d at 1220). As determined above, the two cases at hand concern different legal issues based on factual occurrences that took place over a year apart between different parties. The Underlying Action is not a "parallel" proceeding "predicated on the same factual transaction or occurrence involved in a matter pending before a federal court."

Further, Defendants make threats about potential claims they, and others, will file in state court; however, these are merely hypothetical and will not be considered in this analysis. In all, it seems that the nature and extent of the issues brought in this action can be cleanly bifurcated from those brought and analyzed in the Underlying Action. Therefore, permitting this action to go forward would not be a waste of judicial resources, and this factor weighs in favor of exercising jurisdiction to hear Praetorian's claims.

d.      Other Considerations

In addition, the Court should also consider whether the declaratory action "will settle all aspects of the controversy[;] ... will serve [a] useful purpose in clarifying the legal relations at issue[;] ... is being sought for the purposes of procedural fencing or to obtain a 'res judicata' advantage[;] or would result in entanglement between the federal and state court systems." *Dizol* 133. F.3d at 1225 n.5. Further, there is the general policy of avoiding piecemeal litigation. *See Chamberlain*, 931 F.2d at 1368.

First, Praetorian asserts that the declaratory action will settle all aspects of the controversy between itself and Analy over whether Analy's alleged misrepresentations to Praetorian call for recission of the Policy. Accordingly, under the second factor, this declaration will serve a useful purpose in clarifying the legal relationship between the parties because the determination will inform all parties of their ultimate burdens. *See Cont'l Cas. Co. v. Coastal Sav. Bank,* 977 F.2d 734, 738 (2nd Cir. 1992) (finding that where an insurer disputes its coverage obligations with regard to a third party's claim against the insured, declaratory relief is appropriate to clarify the legal relationship

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV10-03100 ODW (JCx) | Date | October 8, 2010 |
|---|---|---|---|
| Title | *Praetorian Ins. Co. v. Analy Mortgage Center, Inc., et. al.* | | |

between the parties.)  These two factors weigh towards the Court retaining jurisdiction over the action.

As to the third factor, there appear to be no facts suggesting that the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a *res judicata* advantage. Further, regarding the fourth factor, the use of a declaratory action is unlikely to result in entanglement between the federal and state court systems.  This Court is not being called upon to decide issues that are also at issue in the Underlying Action so there is no concern over possible inconsistent adjudications.  The fifth factor of avoiding piecemeal litigation is not implicated here in that the two actions are not parallel.  Finally, regarding the availability and relative convenience of other remedies, neither party suggests viable alternative remedies that might affect this decision.

In conclusion, the combination of *Brillhart* and *Dizol* factors discussed above cumulatively weigh towards this Court's exercise of jurisdiction.  Therefore, this Court will retain jurisdiction over this declaratory judgment action. Accordingly, Defendants' Motion to Dismiss is DENIED.

C.      The Court Denies Defendants' Motion Stay the Action

Defendants request, in the alternative to dismissing the action, that the Court stay this action pending the resolution of the Underlying Action.  This Court finds, however, that retaining jurisdiction this action will not result in inconsistent factual determinations.  Accordingly, Defendants' Motion to Stay is DENIED.

The Ninth Circuit has relied on the California Supreme Court's rule in determining whether a stay is appropriate.  The California Supreme Court has declared, "[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." *Montrose Chemical Corp. v. Superior Ct.*, 25 Cal. App.4th 902, 907–08 (1994) (citation omitted).  "It is only where there is no potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist." *Montrose II*, at 910. Federal courts in California have followed the *Montrose* rule.  *See, e.g., Cort v. St. Paul Fire & Marine Ins. Cos.*, 311 F.3d 979 (9th Cir. 2002); *Conestoga Servs. Corp. v. Exec. Risk Indem.*, 312 F.3d 976 (9th Cir. 2002).

Here, a stay is not warranted for a number of reasons.  None of the issues in the liability case pending in Superior Court are similar to the issues in this coverage action.  Therefore, there is no

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-03100 ODW (JCx) | Date | October 8, 2010 |
|---|---|---|---|
| Title | *Praetorian Ins. Co. v. Analy Mortgage Center, Inc., et. al.* | | |

danger of the insured being required to take inconsistent positions in the two actions.  Facts necessary for adjudication of the underlying liability action are completely distinct from the facts to be determined in a recission action. Moreover, because the presentation of evidence to the court has already concluded in the Superior Court action, a stay in this action is not necessary.  All that remains in the underlying action is for the court to render a decision..

## IV.   CONCLUSION

For the foregoing reasons the Defendants' Motions have been DENIED.

IT IS SO ORDERED.

--   :   00

Initials of Preparer     RGN